**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sikander Singh,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-10010-PHX-MTM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 on October 29, 2026 challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court electronically served the Petition on Respondents and issued the Standard Scheduling Order, which required Respondents to respond to the Petition within seven days. (Docs. 5, 6.) Respondents' response deadline was November 5, 2026, but no response was filed.

The Court treats Petitioner's merits arguments as unopposed and finds that Respondents have conceded the unanswered merits issues. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093,

1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court has independently reviewed the Verified Petition and supporting exhibits and concludes that Petitioner is entitled to relief on Count One.

DHS affirmatively released Petitioner in November 2021. According to the uncontroverted record, Petitioner thereafter complied with supervision, maintained employment, and remained in the community until his October 26, 2026 arrest. Respondents provided no advance notice or individualized hearing and have presented no evidence of exigent circumstances justifying detention before such process.

The Court recognizes that the humanitarian parole authorization attached to the Petition was limited to one year. Its expiration, however, does not resolve the distinct constitutional question presented by the deprivation of Petitioner's established conditional liberty. Applying *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds that the substantial private interest, risk of erroneous deprivation, and value of individualized safeguards outweigh any governmental interest shown on this record in proceeding without a hearing before Petitioner was re-detained and placed into DHS custody. *See, e.g.*, *Perez Majano v. Rokosky*, No. CV-26-05535-PHX-JZB, 2026 WL 2508262, at *7 (D. Ariz. Aug. 26, 2026).

The Petition will therefore be granted, and Petitioner ordered released from custody immediately.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Count One.** Counts Two through Four are **dismissed without prejudice as moot**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 19th day of November, 2026.

Michael T. Morrissey
Honorable Michael T. Morrissey
United States Magistrate Judge